IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

# NOTICE

## TO RETAINED CRIMINAL DEFENSE ATTORNEY LEON TASHEIKO
## USA vs. GEORGE E. GREEN  (CASE NO. 2:07CR185-CSC)

Retained criminal defense attorneys are expected to make financial arrangements satisfactory to themselves and sufficient to provide for representation of each defendant until the conclusion of th defendant' case. Unless this court, within (10) days after arraignment, it notified in writing of counsel's withdrawal because of the defendant's failure to make satisfactory financial arrangements, this court will expect counsel to represent the defendant until the conclusion of the case.  Failure of a defendant to pay sums owed for attorney's fees or failure of counsel to collect a sum sufficient to compensate for all the services usually required of defense counsel will not constitute good cause for withdrawal after said 10-day period has expired.

Every defendant has a right to appeal from any conviction; a convicted defendant's case is therefore not concluded until his direct appeal is decided. Thus, the further expectation on this court and the United States Court of Appeals for the Eleventh Circuit is that retained counsel, in making satisfactory financial arrangements, will contemplate services to be rendered upon appeal.

If a defendant moved the court to proceed on appeal in forma pauperis and/or for appointment of Criminal Justice Act appellant counsel, retained counsel will be required to disclose <u>in camera</u> (1) the total amount of fees and costs paid, (2) by whom fees and costs were paid,  and (3) the costs actually incurred and services actually rendered.  Note that matters involving the receipt of fees from a client are not generally privileged, <u>Unites States v. Sims</u>, 845 F.2d 1564 (11th Circ. 1988); <u>In Re Slaughter</u>, 694 F.2d 1258 (11th Cir. 1982); <u>In Re Grand Jury Proceedings: United States v. Jones</u>, 517 F.2d 666 (5th Cir. 1975).  All information submitted will, of course, be viewed <u>in camera</u> by the court for the purpose of deciding the defendant's in forma pauperis motion.

Except in extraordinary, unforseen circumstances, this policy will be strictly adhered to; such circumstances may be brought to the court's attention by motion to be relieved of the duty to represent the defendant upon appeal.